GIOVANNA H. FESSENDEN (MA BBO# 654681)
giovanna.fessenden@hbsr.com
(*pro hac vice*)
LAWRENCE P. COGSWELL III, PH.D. (MA BBO# 664386)
lawrence.cogswell@hbsr.com
(*pro hac vice*)
SAMUEL J. SUSSMAN (MA BBO#696909)
samuel.sussman@hbsr.com
(*pro hac vice*)
HAMILTON, BROOK, SMITH & REYNOLDS, P.C.
530 Virginia Rd.
Concord, Massachusetts 01742
Telephone: 978.341.0036
Facsimile: 978.341.0136

RICHARD C. VASQUEZ /CA SB# 127228
rvasquez@vbllaw.com
JEFFREY T. LINDGREN /CA SB# 176400
jlindgren@vbllaw.com
ROBERT S. MCARTHUR /CA SB# 204604
mcarthur@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone: (925) 627-4250
Facsimile: (925) 403-0900

*Attorneys for Plaintiff Forte Labs, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Forte Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Pocketful of Quarters, Inc., <br><br> Defendant. | Case No: 3:22-cv-04982-AMO <br><br> **JOINT STIPULATION FOR STAY OF PROCEEDINGS** |

Pursuant to Local Rule 7-12 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiff Forte Labs, Inc.

("Forte" or "Plaintiff"), by its undersigned counsel, and Defendant Pocketful of Quarters, Inc. ("Defendant" or "POQ"), by its undersigned counsel, (collectively, the "Parties"), hereby jointly stipulate to a stay of proceedings in this case to allow the Parties to negotiate settlement terms for a resolution of all disputed matters including resolution of the related instituted *Post Grant Review* Proceedings, and request the Court's approval of the stipulation and entry of the [Proposed] Order provided herein.

WHEREAS, on August 31, 2022, Plaintiff filed a Complaint for Declaratory Judgment requesting declaratory relief that Plaintiff's technology does not infringe Defendant's '131 Patent, that Defendant's '131 Patent is invalid, and that Defendant's U.S. Patent No. 11,189,131 is unenforceable due to inequitable conduct.

WHEREAS, on November 9, 2022, Plaintiff filed an Amended Complaint with for Declaratory Judgment, Unfair Competition (15 U.S.C. § 1125(a), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.), and Common Law Unfair Competition ("FAC") against Defendant.

WHEREAS, on December 22, 2022, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREAS, on January 19, 2023, Plaintiff filed an Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREAS, on February 2, 2023, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREAS, on February 10, 2023, Plaintiff filed a Motion for Leave to File a Sur-Reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint accompanied by a Proposed Sur-Reply.

WHEREAS, on February 14, 2023, Defendant filed an Opposition to Plaintiff's Motion for Leave to File a Sur-Reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

1  WHEREAS, on May 10, 2023, in the Order Reassigning Case, the Court ordered that the Parties file a Joint Case Management Statement by May 31, 2023.

WHEREAS, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Plaintiff's Motion for Leave to File a Sur-Reply are currently pending before the Court.

WHEREAS, on August 30, 2022, Plaintiff filed a Petition with the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office (USPTO) for *Post Grant* Review to request that the PTAB review the patentability of Defendant's U.S. Patent No. 11,189,131 (Defendant's '131 Patent), which was assigned Case No. PGR2022-00058 ("the PGR").

WHEREAS, on March 23, 2023, the PTAB of the USPTO granted Plaintiff's request for institution of the PGR proceeding and scheduled an Oral Argument for December 21, 2023, and, pursuant to 35 U.S.C. §326(11), a final determination from the PTAB shall be issued no later than one year after institution.

WHEREAS, on May 22, 2023, the Parties instituted settlement negotiations, which are actively ongoing and include discussions regarding the resolution of all contested matters between the Parties including the pending resolution of the related instituted *Post Grant* Review Proceedings.

WHEREAS, in light of the recent settlement negotiations to attempt to resolve all contested matters in this litigation and the PGR proceeding, the Parties wish to stay this litigation until the Parties reach a negotiated settlement or completion of the PGR proceeding.

WHEREAS, the Parties agree that a stay is necessary to conserve their resources and attention so that they may attempt to resolve their disputes and focus on the imminent proceedings of the PGR.

WHEREAS, the Parties agree that the stay is not being requested for delay, but so that justice may be done.

WHEREAS, because the Parties are making this Joint Stipulation of Stay of Proceedings prior to the initial Case Management Conference, there no deadlines (other than the May 31,

1  2023 Joint Case Management Statement deadline) that would be unduly delayed by the Parties
2  requested relief and any final judgment reached in this matter is expected to be reached after the
3  final determination is issued in the PGR.
4      WHEREAS, it is well established that "Courts have inherent power to manage their
5  dockets and stay proceedings, including the authority to stay pending conclusion of a PTO
6  reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations
7  omitted).  In determining whether to grant a stay pending IPR or PGR, courts consider "(1)
8  whether discovery is complete and whether a trial date has been set; (2) whether a stay will
9  simplify the issues in question and trial of the case; and (3) whether a stay would unduly
10 prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary
11 Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837 at *1 (N.D. Cal. Jan. 23, 2014); *Universal
12 Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013).
13 All three factors weight in favor of a stay in this matter.  First, discovery has not begun and a
14 trial date has not been set.  Second, both this litigation and the instituted PGR include the issue of
15 the validity of the Defendant's U.S. Patent No. 11,189,131 and a resolution of issue of validity
16 the PGR could remove that issue, and related issues such as the Plaintiff's non-infringement and
17 unenforceability of Defendant's U.S. Patent No. 11,189,131, from this litigation.  Finally,
18 because the Parties are jointly requesting a stay, there is no non-moving party to be prejudiced.
19     WHEREAS, it is within the Court's inherent authority to stay the claims asserted in the
20 present matter and 35 U.S.C. § 325(d) provides for a stay of this litigation.
21     WHEREFORE, the Parties jointly stipulate that all deadlines in instant litigation be
22 stayed until resolution of the related instituted *Post Grant* Review, Case No. PGR2022-00058.

**[PROPOSED] ORDER**

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES, AND THE COURT ORDERS, AS FOLLOWS:

In light of the instituted related *Post Grant* Review, Case No. PGR2022-00058 and recent ongoing settlement discussions, upon entry of the Court's order, all deadlines in instant litigation are STAYED pending resolution of *Post Grant* Review Proceedings Case No. PGR2022-00058. The Clerk shall administratively close this matter until a motion to reopen the action is filed.

Dated:  May 30, 2023

Respectfully submitted,

By:  /s/Giovanna H. Fessenden
Giovanna H. Fessenden (BBO# 654681)
giovanna.fessenden@hbsr.com
(pro hac vice)
Lawrence P. Cogswell III, Ph.D. (BBO# 664386)
lawrence.cogswell@hbsr.com
(pro hac vice)
Samuel J. Sussman (BBO#696909)
samuel.sussman@hbsr.com
(pro hac vice)
HAMILTON, BROOK, SMITH
& REYNOLDS, P.C.
530 Virginia Rd.
Concord, Massachusetts  01742
Telephone:    978.341.0036
Facsimile:    978.341.0136

Richard C. Vasquez
(CA State Bar No. 127228)
rvasquez@vbllaw.com
Jeffrey T. Lindgren
(CA State Bar No. 176400)
jlindgren@vbllaw.com
Robert S. McArthur
(CA State Bar No. 204604)
mcarthur@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive
Walnut Creek, CA 94596
Telephone:    (925) 627-4250
Facsimile:    (925) 403-0900

*Counsel for Plaintiff Forte Labs, Inc.*

By: ‎ /s/Yasamin Parsafar
Yasamin Parsafar
(Cal. Bar No. 287617)
yparsafar@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Michael J. Hopkins
(Cal. Bar No. 326621)
mhopkins@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.5099-3691
E mail
*Counsel for Defendant Pocketful of Quarters, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
Araceli Martinez-Olguin
United States District Judge

Case No: 3:22-cv-04982-AMO– JOINT STIPULATION FOR STAY OF PROCEEDINGS
6

3777928.v1